**Lue Dean LOGGINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–00227–CR.**

Court of Appeals of Texas, Dallas.

Nov. 13, 1985.

**52**

Jason Jacoby, Dallas, for appellant.

Gary A. Moore, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C.J., and DEVANY and McCLUNG, JJ.

GUITTARD, Chief Justice.

Lue Dean Loggins appeals after an order adjudicating him guilty of aggravated assault, the trial court having originally deferred adjudication and granted probation. The attorney for appellant has filed what purports to be a brief in compliance with the requirements of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969). Appellant's attorney states in a certificate accompanying his brief that after a diligent search and review of the entire appellate record and after reviewing applicable law, he has determined that the appeal is frivolous, without merit, and that there are no arguable grounds upon which an appeal can be predicated. In the brief, appellant's attorney

outlines the procedural history of the case, lists the witnesses that testified for the State at a hearing on the State's motion to proceed with an adjudication of guilt, and summarizes the substance of the witnesses' testimony. The brief then lists the witnesses testifying for appellant and again summarizes the substance of their testimony. The brief then concludes:

> The appellant, having entered a plea of not true before the Court in this case, the State presented sufficient evidence to substantiate the allegations of the motion to proceed with an adjudication of guilt.

The brief submitted by appellant's attorney is deficient in several respects and neither meets the standards established by the Supreme Court in *Anders* nor the standards in the Texas progeny of *Anders*. *See High v. State*, 573 S.W.2d 807 (Tex. Crim.App.1978); *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

■ Counsel appointed to represent an indigent may determine that an appeal is frivolous, but he must make a conscientous examination of the record and file a brief referring to anything in the record that might arguably support an appeal. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). If the brief of counsel does not advance any arguable grounds of error, then it must contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974).

■ After a full examination of all the proceedings and the briefs, the appellate court will then determine whether the case is wholly frivolous. *High v. State*, 573 S.W.2d 807, 811 (Tex.Crim.App.1978). This task cannot be performed by the appellate court, however, unless court-appointed counsel's brief contains ready references not only to the record, but also to legal authorities furnished by counsel. *Id.* By filing a brief referring to anything in the record that might arguably support the appeal, and supplying ready references to the record and legal authorities, counsel aids the appellate court in studying a cold record. *Id.*

■ The brief filed by court-appointed counsel is deficient under *Anders* and its Texas progeny because there are neither arguable grounds of error advanced nor is there a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. The brief contains no page references to the record and not one citation to any legal authority.

■ Further, we cannot determine from court-appointed counsel's brief the basis of this appeal. If appellant is attempting to appeal from an order deferring adjudication and placing him on probation, we cannot entertain the appeal. *McDougal v. State*, 610 S.W.2d 509 (Tex.Crim.App.1981). Likewise, if appellant is attempting to appeal from the trial court's determination to revoke probation and proceed with an adjudication of guilt on the original charge, we cannot entertain the appeal and it must be dismissed. *Contreras v. State*, 645 S.W.2d 298 (Tex.Crim.App.1983). On the other hand, if the appeal is taken from the final adjudication of guilt and judgment of conviction based on the original proceeding, the case is reviewable. *Joseph v. State*, 614 S.W.2d 164, 165 (Tex.Crim.App.1981); *Shields v. State*, 608 S.W.2d 924, 926 (Tex. Crim.App.1980). In that case, the brief must advise us that counsel has reviewed the original proceeding and must advise us whether there is any arguable ground of error based on that proceeding.

■ It may be that a portion of the appeal is from the conviction based on the original proceeding and that a portion is a purported appeal from the court's determination proceed with the adjudication of guilt. If so, we will review the former and dismiss the latter. *See Contreras*, 645 S.W.2d at 298. *Shields*, 608 S.W.2d at 926–28.

Because we cannot determine the basis of the appeal and because of the deficiencies in court-appointed counsel's brief, we order appellant's attorney to rebrief this case and file with the clerk of this court, on or before December 2, 1985, a brief with specific page references to the record and citations to legal authority which will enable us to determine the basis of the appeal. Additionally, if after a conscientious examination of the record, counsel determines that the appeal is frivolous and without merit, the brief must contain specific page references to anything in the record that might arguably support the appeal together with citations to legal authority. If, after a conscientious examination of the record, counsel determines that the appeal is frivolous and without merit and he cannot advance any arguable grounds of error, then the brief must contain a professional evaluation of the record, with specific page references to the record and citations to legal authority, demonstrating why, in effect, there are no arguable grounds to be advanced.

It is so ordered.