McCullion Dwight WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–97–857–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 20, 1998.

W.A. Bill White, Victoria, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for state.

Before SEERDEN, C.J., and YANEZ and RODRIGUEZ, JJ.

## ORDER

PER CURIAM.

This is an appeal by McCullion Dwight Williams from the revocation of a probated sentence. Williams's court-appointed counsel filed what purports to be a brief in compliance with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Other than a broad recitation of the nature of the case, Williams's attorney merely contends in a single sentence that he reviewed the court's record and "believes that no meritorious argument or point of error exists." No *pro se* brief has been filed.

Counsel appointed to represent an indigent may determine an appeal is without merit, but he must make a conscientious examination of the record and file a brief referring to anything in the record that might arguably support an appeal. *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; *Loggins v. State*, 701 S.W.2d 51, 53 (Tex.App.—Dallas 1985, no pet.).

We are not required to dismiss a case based solely on counsel's characterization of the case. We must first determine that appellate counsel has provided the appellant with a diligent and thorough search of the record for any arguable claim that might support the appeal. If an appellate counsel's *Anders* brief in support of his or her motion to withdraw does not comply with the requirements of *Anders* and its progeny, this Court will strike the brief and order appellate counsel to file a new brief. *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex.App.—Dallas 1995, no pet.).

We note that Williams's counsel did not file this brief as a brief in support of a motion to withdraw, nor did he file a motion to withdraw with the brief as required by *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, or *McCoy v. Court of Appeals*, 486 U.S. 429, 437, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *see also Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.— Waco 1994, no pet.) (presenting a thorough and illuminating review of the duties of both the appellate court and appellate counsel in an *Anders* situation).

As noted by the Dallas Court of Appeals, "If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. *McCoy*, 486 U.S. at 437, 108 S.Ct. 1895; *Anders*, 386 U.S. at 744, 87 S.Ct.

1396; *see also Ellis v. United States*, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060 (1958). To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." *Jeffery,* 903 S.W.2d at 779 [citations omitted].

Generally, a frivolous appeal brief must "discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, [and] the trial court's ruling...." *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App.1978). That is, counsel's professional evaluation of the record should be more than a bare bones conclusion. Determining that an appeal is frivolous is a conclusion that should not be reached lightly. The brief should show the steps taken in evaluating the record, what possible grounds of error were explored, and why counsel ultimately could find no arguable ground of error. *See Currie v. State*, 516 S.W.2d 684, 684 (Tex.Crim.App.1974); *Monroe v. State*, 671 S.W.2d 583, 585–86 (Tex.App.—San Antonio 1984, no pet.).

We find the brief filed by the court-appointed counsel deficient. There are no arguable grounds of error advanced or a professional evaluation of the record made demonstrating why there are no arguable grounds to be advanced. The brief contains no page references to the record or citations to any legal authority other than *Anders*. Counsel's brief contains no analysis or explanation of the validity of the indictment, the sufficiency of the evidence, the admissibility of the evidence of Williams's guilt, the validity of the punishment assessed, or whether Williams received effective assistance of counsel at trial. *See Jeffery*, 903 S.W.2d at 779.

Accordingly, we strike Williams's counsel's inadequate *Anders* brief and remove him from this appeal. *Marsh v. State*, 959 S.W.2d 224, 225–26 n. 2 (Tex.App.—Dallas 1996, no pet.). We further order the trial court to appoint new counsel. The trial court is ordered to inform this Court in writing of the identity of new counsel and the date of appointment. Counsel's brief will be due thirty days after the trial court makes its appointment. This appeal is abated for thirty days to allow the trial court to comply with our instructions.

It is so ordered.