COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-073-CR
                                                 2-04-074-CR
                                                 2-04-075-CR
 
  
THOMAS 
MICHAEL BRADLEY                                                 APPELLANT
  
V.
   
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 158TH DISTRICT COURT OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant, 
Thomas Michael Bradley, was indicted in cause number F-2003-0235-B on two counts 
of aggravated sexual assault, in cause number F-2003-0236-B on two counts of 
aggravated sexual assault, and in cause number F-2003-0237-B on one count of 
indecency with a child.  Bradley entered an open plea of guilty to all 
counts in all three cases.  The trial court conducted a hearing on 
punishment and sentenced Bradley to ninety-nine years’ confinement in cause 
numbers F-2003-0235-B and F-2003-0236-B and twenty years’ confinement in cause 
number F-2003-0237-B.  We affirm.
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion.  In the brief, counsel avers that, in 
his professional opinion, this appeal is frivolous.[2]  
Appellate counsel has certified that he provided Appellant with a copy of his 
motion and that the reporter’s record and clerk’s record have been provided 
to Appellant.[3]
        Once 
Appellant’s court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for Appellant to see if there is any arguable 
ground that may be raised on his behalf.  See Stafford v. State, 813 
S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Appellant entered an open 
plea of guilty, our independent review for potential error is limited to 
potential jurisdictional defects, the voluntariness of Appellant’s plea, error 
that is not independent of the judgment of guilt, and error occurring after 
entry of the guilty plea.  Monreal v. State, 99 S.W.3d 615, 620 
(Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. 
App. 2000); Flowers v. State, 935 S.W.2d 131, 132-33 (Tex. Crim. App. 
1996) (disapproved on other grounds by Cooper v. State, 45 S.W.3d 77 
(Tex. Crim. App. 2001)); Jack v. State, 871 S.W.2d 741, 743-44 (Tex. 
Crim. App. 1994).  Our independent review of the record reveals that 
counsel has correctly determined that there are no arguable grounds for relief.
        Our 
review of the record reveals no jurisdictional defects.  The trial court 
had jurisdiction over the case.  See Tex. Code Crim. Proc. Ann. art. 4.05 
(Vernon 2005).  Further, the indictment conferred jurisdiction on the trial 
court and provided Appellant with sufficient notice.  See Tex. Const. art. V, § 12; Duron v. 
State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997).
        The 
record reflects that Appellant knowingly and voluntarily entered his plea.  
Nothing in the record would support a claim that Appellant’s plea was 
involuntary.  Accordingly, there are no errors that are not independent of 
the judgment of guilt.
        Appellate 
counsel brings as the only potential error the argument that Appellant’s 
sentence is cruel and unusual.  Aggravated sexual assault is a first-degree 
felony and is punishable by imprisonment for life or “for any term of not more 
than 99 years or less than 5 years” and up to a $10,000 fine.  See 
Tex. Penal Code Ann. § 12.32 
(Vernon 2003), § 22.021 (Vernon Supp. 2004-05).  Additionally, 
Appellant’s conduct of indecency with a child constitutes a second-degree 
felony and is punishable by imprisonment “for any term of not more than 20 
years or less than 2 years” and up to a $10,000 fine.  See Tex. Penal Code Ann. §§ 12.33, 
21.11(a)(1).  Therefore, because the trial court assessed punishment within 
the statutory range, Appellant’s sentence does not constitute cruel and 
unusual punishment.  See Moore v. State, 54 S.W.3d 529, 542 (Tex. 
App.—Fort Worth 2001, pet. ref’d).  Accordingly, there is nothing to 
suggest that the trial court erred by sentencing appellant.  Thus, there 
were no errors after the entry of the guilty plea.  Additionally, no 
ineffective assistance of Appellant’s trial counsel was shown on the record.
        Our 
independent review of the areas available to Appellant for an appeal leads us to 
conclude that there are no grounds upon which Appellant could be arguably 
successful on appeal.  Therefore, we grant appellate counsel’s motion to 
withdraw and affirm the trial court’s judgments.
  
    
                                                                  PER 
CURIAM
  
  
  
PANEL 
F:   GARDNER, DAUPHINOT, and HOLMAN, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Our review of appellate counsel’s brief reveals that it does not meet the 
standards required by Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 
(1967).  An Anders brief must “discuss the evidence adduced at the 
trial, point out where pertinent testimony may be found in the record, refer to 
pages in the record where objections were made, the nature of the objection, the 
trial court's ruling, and discuss either why the trial court's ruling was 
correct or why the appellant was not harmed by the ruling of the court.”  
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  
Appellate counsel’s brief has failed to comply with these requirements.  
However, while we strongly advise appellate counsel to review the requirements 
set out in Anders and High, after reviewing the record we have 
determined that it would serve no useful purpose to require appellate counsel to 
rebrief.  See McLain v. State, No. 13-01-246-CR, 2001 WL 1559233, at 
*1 n.1 (Tex. App.—Corpus Christi 2001, no pet.) (not designated for 
publication); see also Homan v. Hughes, 708 S.W.2d 449, 454 (Tex. Crim. 
App. 1986) (stating that the law does not compel us to require courts to perform 
useless tasks); cf. Love v. State, No. 2-04-00425-CR, 2005 WL 1297074, at 
*3 (Tex. App.—Fort Worth June 2, 2005, no pet.) (declining to abate appeal for 
trial court to make findings of fact; findings of fact were not required because 
trial court had made appropriate conclusions of law) (not designated for 
publication).  But see Williams v. State, 976 S.W.2d 871, 873 (Tex. 
App.—Corpus Christi 1998, no pet.) (striking counsel’s inadequate brief and 
ordering trial court to appoint new counsel).  Very few objections were 
lodged during the punishment hearing and all but one involved objections based 
on hearsay.  Our independent review reveals no reversible error.  
Thus, we have concluded that we will be able to justly review the appeal, even 
without the benefit of an adequate brief.  McLain, 2001 WL 1559233, 
at *1 n.1.
3.  
Appellant attempted to submit a pro se brief after the deadline for filing had 
passed, and we denied its consideration.