BRADLEY V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-04-073-CR

        2-04-074-CR

        2-04-075-CR

THOMAS MICHAEL BRADLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Thomas Michael Bradley, was indicted in cause number F-2003-0235-B on two counts of aggravated sexual assault, in cause number F-2003-0236-B on two counts of aggravated sexual assault, and in cause number F-2003-0237-B on one count of indecency with a child.  Bradley entered an open plea of guilty to all counts in all three cases.  The trial court conducted a hearing on punishment and sentenced Bradley to ninety-nine years’ confinement in cause numbers F-2003-0235-B and F-2003-0236-B and twenty years’ confinement in cause number F-2003-0237-B.  We affirm.

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.
(footnote: 2)  Appellate counsel has certified that he provided Appellant with a copy of his motion and that the reporter’s record and clerk’s record have been provided to Appellant.
(footnote: 3)
 Once Appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, we are obligated to undertake an independent examination of the record and to essentially rebrief the case for Appellant to see if there is any arguable ground that may be raised on his behalf.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Appellant’s plea, error that is not independent of the judgment of guilt, and error occurring after entry of the guilty plea.  
Monreal v. State,
 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State,
 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Flowers v. State,
 935 S.W.2d 131, 132-33 (Tex. Crim. App. 1996) (disapproved on other grounds by 
Cooper v. State,
 45 S.W.3d 77 (Tex. Crim. App. 2001)); 
Jack v. State,
 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994).  Our independent review of the record reveals that counsel has correctly determined that there are no arguable grounds for relief.

Our review of the record reveals no jurisdictional defects.  The trial court had jurisdiction over the case.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 4.05 (Vernon 2005).  Further, the indictment conferred jurisdiction on the trial court and provided Appellant with sufficient notice.  
See
 Tex. Const.
 art. V, § 12; 
Duron v. State
, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997). 

The record reflects that Appellant knowingly and voluntarily entered his plea.  Nothing in the record would support a claim that Appellant’s plea was involuntary.  Accordingly, there are no errors that are not independent of the judgment of guilt.

Appellate counsel brings as the only potential error the argument that Appellant’s sentence is cruel and unusual.  Aggravated sexual assault is a first-degree felony and is punishable by imprisonment for life or “for any term of not more than 99 years or less than 5 years” and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann.
 § 12.32 (Vernon 2003), § 22.021 (Vernon Supp. 2004-05).  Additionally, Appellant’s conduct of indecency with a child constitutes a second-degree felony and is punishable by imprisonment “for any term of not more than 20 years or less than 2 years” and up to a $10,000 fine.  
See
 
Tex. Penal Code Ann.
 §§ 12.33, 21.11(a)(1).  Therefore, because the trial court assessed punishment within the statutory range, Appellant’s sentence does not constitute cruel and unusual punishment.  
See Moore v. State
, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d).  Accordingly, there is nothing to suggest that the trial court erred by sentencing appellant.  Thus, there were no errors after the entry of the guilty plea.  Additionally, no ineffective assistance of Appellant’s trial counsel was shown on the record.

Our independent review of the areas available to Appellant for an appeal leads us to conclude that there are no grounds upon which Appellant could be arguably successful on appeal.  Therefore, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgments.

PER CURIAM

PANEL F: GARDNER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Our review of appellate counsel’s brief reveals that it does not meet the standards required by 
Anders v. California,
 386 U.S. 738, 87 S. Ct. 1396 (1967).  An 
Anders
 brief must “discuss the evidence adduced at the trial, point out where pertinent testimony may be found in the record, refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, and discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court.”  
High v. State
, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).  Appellate counsel’s brief has failed to comply with these requirements.  However, while we strongly advise appellate counsel to review the requirements set out in 
Anders
 and 
High
, after reviewing the record we have determined that it would serve no useful purpose to require appellate counsel to rebrief.  
See McLain v. State
, No. 13-01-246-CR, 2001 WL 1559233, at *1 n.1 (Tex. App.—Corpus Christi 2001, no pet.) (not designated for publication); 
see also Homan v. Hughes
, 708 S.W.2d 449, 454 (Tex. Crim. App. 1986) (stating that the law does not compel us to require courts to perform useless tasks); 
cf. Love v. State
, No. 2-04-00425-CR, 2005 WL 1297074, at *3 (Tex. App.—Fort Worth June 2, 2005, no pet.) (declining to abate appeal for trial court to make findings of fact; findings of fact were not required because trial court had made appropriate conclusions of law) (not designated for publication).  
But see Williams v. State
, 976 S.W.2d 871, 873 (Tex. App.—Corpus Christi 1998, no pet.) (striking counsel’s inadequate brief and ordering trial court to appoint new counsel).  Very few objections were lodged during the punishment hearing and all but one involved objections based on hearsay.  Our independent review reveals no reversible error.  Thus, we have concluded that we will be able to justly review the appeal, even without the benefit of an adequate brief.  
McLain
, 2001 WL 1559233, at *1 n.1.

3:
Appellant attempted to submit a pro se brief after the deadline for filing had passed, and we denied its consideration.