

**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**

ORDER OF ABATEMENT

Appellate case name:     Andres Gilberto Flores v. The State of Texas

Appellate case number:   01-09-01125-CR

Trial court case number: 51481

Trial court:             268th District Court of Fort Bend County

On January 23, 2012, the Court abated the above-referenced appeal and remanded the case to the trial court for findings and recommendations on whether appellant still wishes to pursue this appeal and whether good cause exists to remove appellant's current counsel, Kevin Hall.

The trial court held a hearing on this Court's abatement order on February 13, 2012. The reporter's record of the hearing was filed with this Court on February 15, 2012. Appellant was not transported from prison for the hearing and was not present via closed-circuit video teleconferencing. Nevertheless, the trial court relied on its findings from an abatement hearing held on December 17, 2010 to find that appellant wishes to pursue this appeal. And, based on counsel's representations that he was not aware that he represented appellant until he received notice of the February 13, 2012 abatement hearing[1] and that he could handle this matter "within a couple of days," the trial court provided counsel with a deadline for filing a brief of two weeks from the date of the hearing.

On February 24, 2012, Mr. Hall moved to withdraw from the appeal and filed a brief concluding that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).

We find the brief filed on appellant's behalf deficient. The record on appeal includes an 82-page transcript of the sentencing hearing. Nevertheless, the brief provides no discussion of

---

[1]   Although counsel was appointed to represent appellant on December 17, 2010 and was sent an e-mail notifying him of the appointment that same day, he stated to the trial court that he did not recall receiving the e-mail and that he did not have a file for appellant.

the evidence. *See High v. State*, 573 S.W.2d 807, 812, 813 (Tex. Crim. App. 1978); *Williams v. State*, 976 S.W.2d 871, 873 (Tex. App.—Corpus Christi 1998, order); *Jeffrey v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.).

Further, counsel's entire argument consists of one page and argues solely that appellant waived his right of appeal. The brief "contains no analysis or explanation of the validity of the indictment, the sufficiency of the evidence, . . . the validity of the punishment assessed, or whether [appellant] received effective assistance of counsel." *Williams*, 976 S.W.2d at 873. And counsel's conclusion on the sole issue addressed—that appellant waived the right to appeal—is incorrect. Although appellant signed a stipulation that contained a waiver of the right to appeal and a document entitled "Defendant's Waiver of Right to Appeal," both waivers are conditioned on the trial court's assessment of punishment that does not exceed the punishment recommended by the State and agreed to by appellant. But the State did not make a punishment recommendation and appellant did not agree to any recommended punishment, so the waivers are inapplicable. Further, because both waivers were executed prior to the assessment of punishment and neither waiver was made in exchange for any consideration from the State, they were not valid or effective. *See Ex parte Delaney*, 207 S.W.3d 794, 798 (Tex. Crim. App. 2006); *Ex parte Townsend*, 538 S.W.2d 419, 420 (Tex. Crim. App. 1976); *see also Ex parte Broadway*, 301 S.W.3d 694, 699 (Tex. Crim. App. 2009) (holding that waiver of right to appeal is valid if made in exchange for consideration from State).

By failing to provide a professional evaluation of the record, counsel's brief provides no aid to appellant or to this Court, and it fails to meet the requirements of *Anders*. *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal); *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400 (requiring counsel to file brief that assists client by evaluating all potential grounds for appeal and aids Court in evaluating record); *High*, 573 S.W.2d at 812 (requiring "brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced").

Ordinarily, this Court would strike the defective brief and afford counsel an opportunity to rebrief to address the deficiencies in the brief. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] March 11, 2010, no pet.). In this case, however, if counsel is afforded an opportunity to rebrief, he will have been given more than 16 months to file a brief.[2]

---

2      Counsel's brief was originally due on March 28, 2011. On June 27, 2011, the Clerk of the Court notified counsel that a brief had not yet been filed and required a response

Absent extraordinary circumstances, this Court does not ordinarily grant extensions of time beyond 90 days to file a brief. Furthermore, Texas Rule of Appellate Procedure 38.8(b)(4) authorizes us to "act appropriately to ensure that the appellant's rights are protected." TEX. R. APP. P. 38.8(b)(4). Therefore, to protect appellant's rights and to avoid any further delay in this cause, we will strike appellate counsel's *Anders* brief, but we will not require him to file a new brief.

Accordingly, we strike appellate counsel's *Anders* brief and grant his motion to withdraw. *Cf. Williams*, 976 S.W.2d at 873 (striking counsel's brief and removing him from the appeal); *Marsh v. State*, 959 S.W.2d 224, 226 (Tex. App.—Dallas 1996, order), *disp. on merits*, No. 05-92-00482-CR, 1998 WL 234202 (Tex. App.—Dallas May 12, 1998, no pet.) (same). We abate this appeal and remand the cause for the trial court to appoint new appellate counsel.[3] The trial court is ordered to inform this Court in writing of the identity of new counsel and the date of appointment within twenty days of the date of this order. Counsel's brief will be due thirty days after the trial court makes its appointment. This appeal will be reinstated after the notice of appointment is received by this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Justice Terry Jennings</u>
☑ Acting individually    ☐ Acting for the Court

Date: July 5, 2012

---

within 10 days. Counsel did not respond. As a result, we abated the case on January 23, 2012, pursuant to Texas Rule of Appellate Procedure 38.8(b). Counsel filed his brief on February 24, 2012, which was approximately eleven months after the original due date.

3    New appellate counsel should investigate the record and file a new brief for appellant. Counsel's brief may either present an argument on the merits or a proper *Anders* brief and motion to withdraw, as determined by counsel after a conscientious examination of the record.