

## COURT OF APPEALS FOR THE
## FIRST DISTRICT OF TEXAS AT HOUSTON

### ORDER

Appellate case name:      Jonathan Hall v. The State of Texas

Appellate case number:   01-11-00377-CR & 01-11-00398-CR

Trial court case number:  10-DCR-50712 & 10-DCR-54665

Trial court:                   434th District Court of Fort Bend County

On April 10, 2012, appellant's counsel Carmen Roe moved to withdraw from the above-captioned appeals and filed a brief concluding that the appeals are frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).

We find the brief filed on appellant's behalf deficient. The record indicates that appellant has waived his right to appeal his guilty pleas in the underlying trial court causes, but retains the right to appeal the punishment imposed. However, the majority of counsel's argument in the brief filed with this Court focuses on the frivolousness of issues related to the guilty plea. Counsel's entire argument with respect to punishment is: "The sentence of thirty (30) years confinement in the penitentiary is within the statutory range for a first-degree felony. . . . Therefore, no basis exists to challenge the sentence on appeal." The record on appeal includes a transcript of the sentencing hearing that is over 350 pages. Nevertheless, the brief provides no analysis related to the evidence in this record, including no discussion of any objections made, whether any rulings on such objections were erroneous, and if so, whether such rulings were harmful. *See High v. State*, 573 S.W.2d 807, 812, 813 (Tex. Crim. App. 1978); *Williams v. State*, 976 S.W.2d 871, 873 (Tex. App.—Corpus Christi 1998, order); *Jeffrey v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.).

Furthermore, appellant's counsel filed a letter in appeal number 01-11-00398-CR, the appeal from the conviction in trial court cause number 10-DCR-54665, stating that the appeal was an incorrect second docketing of the appeal of the conviction in trial court cause number 10-DCR-50712. This is incorrect. The clerk's records show that appeal number 01-11-00377-CR is an appeal from a conviction for aggravated sexual assault, while appeal number 01-11-00398-CR

is an appeal from a conviction for burglary of a habitation with the intent to commit a sexual offense. Because counsel failed to recognize this distinction, counsel filed a brief in appeal number 01-11-00398-CR that does not address the conviction appealed in that cause.

By failing to provide a professional evaluation of the record, counsel's brief provides no aid to appellant or to this Court, and it fails to meet the requirements of *Anders*. *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal); *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400 (requiring counsel to file brief that assists client by evaluating all potential grounds for appeal and aids Court in evaluating record); *High*, 573 S.W.2d at 812 (requiring "brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced").

This Court therefore directs the Clerk of this Court to **strike** the defective *Anders* brief in each of the above-captioned appeals. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] March 11, 2010, no pet.). A new brief that complies with the requirements of *Anders* or that addresses meritorious issues discovered after a diligent and thorough search of the record in each appeal shall be filed by appellant's counsel in each of the above-captioned appeals **within 30 days of the date of this order.** *Id.* The State's brief or waiver will be due 30 days from the date appellant's brief is filed in each appeal. Because of the previous delays in this appeal, no extensions will be given absent extraordinary circumstances. *See* TEX. R. APP. P. 38.6(d).

It is so ORDERED.

Judge's signature: _____

☐ Acting individually    ☐ Acting for the Court

Date: JUL 1 6 2012

RECEIVED IN
COURT OF APPEALS

2012 JUL 16 PM 1:27

M. KARINNE MCCULLOUGH
CLERK OF THE COURT

JUL 1 6 2012