COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Jonathan Uribe v. The State of Texas

Appellate case number:    01-14-00265-CR

Trial court case number:   2013CR5298

Trial court:                      290th District Court of Bexar County

On August 8, 2014, appellant's counsel, Shawn Sheffield, filed a brief concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel has not, however, file a motion to withdraw from representation.

If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400. An *Anders* brief must accompany a motion to withdraw, neither the brief nor the motion may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d at 406–08.

Further, we find the brief filed on appellant's behalf deficient. This is an appeal from a jury trial, and the record on appeal includes a 6-volume reporter's record. Nevertheless, the brief provides no discussion of the evidence. *See High v. State*, 573 S.W.2d 807, 812, 813 (Tex. Crim. App. 1978); *Williams v. State*, 976 S.W.2d 871, 873 (Tex. App.—Corpus Christi 1998, order); *Jeffrey v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, no pet.). And, although counsel presents a "minimally arguable point of error," he neither provides any discussion of the facts or law related to the issue nor presents any argument or citations to authority to support his conclusion that the issue will not support an appeal. *See High*, 573 S.W.2d at 812, 813; *Williams*, 976 S.W.2d at 873.

By failing to provide a professional evaluation of the record, counsel's brief provides no aid to appellant or to this Court, and it fails to meet the requirements of *Anders*. *See McCoy v. Court of Appeals of Wisc., Dist. 1*, 486 U.S. 429, 442, 108 S. Ct. 1895, 1903–04 (1988) (requiring appellate court, in addition to determining whether counsel correctly determined that appeal is frivolous, to "satisfy itself that the attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal); *Anders*, 386 U.S. at 744–45, 87 S. Ct. at 1400 (requiring counsel to file brief that assists client by evaluating all potential grounds for appeal and aids Court in evaluating record); *High*, 573 S.W.2d at 812 (requiring "brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced").

Accordingly, we strike the defective brief and order counsel to file a new brief, correcting the deficiencies in the stricken brief and presenting a full discussion of the evidence presented in the trial court. *See Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991); *Banks v. State*, 341 S.W.3d 428, 432 (Tex. App.—Houston [1st Dist.] 2009, order), *disp. on merits*, No. 01-08-00286-CR, 2010 WL 1053218 (Tex. App.—Houston [1st Dist.] March 11, 2010, no pet.). Appellant's amended brief is ordered filed no later than 30 days from the date of this order.

Finally, we order counsel to file a motion to withdraw that complies with Texas Rules of Appellate Procedure 6.5 and 9 in conjunction with the filing of the amended appellant's brief. *See* TEX. R. APP. P. 6.5, 9; *In re Schulman*, 252 S.W.3d at 410, 412.

It is so ORDERED.


Judge's signature: /s/ <u>Sherry Radack</u>
           ☒ Acting individually     ☐ Acting for the Court

Date: August 26, 2014