ACCEPTED
13-15-00257-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
10/26/2015 10:01:47 PM
Dorian E. Ramirez
CLERK

## CAUSE NO. 13-15-00257-CR

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/26/2015 10:01:47 PM
DORIAN E. RAMIREZ
Clerk

# IN THE COURT OF APPEALS
# FOR THE
# THIRTEENTH JUDICIAL DISTRICT OF TEXAS
# AT CORPUS CHRISTI

**ELIO GARZA,**

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
10/26/2015 10:01:47 PM
DORIAN E. RAMIREZ
Clerk

**APPELLANT,**

**VS.**

**THE STATE OF TEXAS,**

**APPELLEE**.

On Appeal in Cause No. 14-05-12,000 in the
24th Judicial District Court of Victoria County, Texas
Hon. Jack W. Marr, Judge Presiding

## ANDERS BRIEF

Luis A. Martinez
Bar No. 24010213
P.O. Box 410
Victoria, Texas 77902
(361) 676-2750 telephone
(361) 575-8454 telefax
Email:
    Lamvictoriacounty@gmail.com

**ATTORNEY FOR APPELLANT**
  **ELIO GARZA**
                October 26, 2015

## ORAL ARGUMENT NOT REQUESTED

# IDENTITY OF JUDGE, PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 68.4(a), the parties to the suit are as follow:

| | |
|---|---|
| **APPELLANT** | **ELIO GARZA** |
| **APPELLEE** | **THE STATE OF TEXAS** |
| **TRIAL JUDGE** | **HON. JACK W. MARR** |
| **STATE'S ATTY AT TRIAL:** | **HON. MICHAEL SHEPPARD**<br>**HON. REID MANNING**<br>24th Judicial District Attorney<br>DeWitt County Courthouse<br>307 N. Gonzalez<br>Cuero, Texas 77954 |
| **DEFENSE ATTY AT TRIAL:** | **HON. CHRIS ISLES**<br>710 Buffalo Street, Suite 802<br>Corpus Christi, Texas 78401 |
| **APPELLATE STATE'S ATTY:** | **HON. ROBERT LASSMAN**<br>24th Judicial District Attorney<br>DeWitt County Courthouse<br>307 N. Gonzalez<br>Cuero, Texas 77954 |
| **APPELLATE DEFENSE ATTY:** | **HON. LUIS A. MARTINEZ**<br>P.O. Box 410<br>Victoria, Texas 77902 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... i

TABLE OF CONTENTS ................................................................................. ii

LIST OF AUTHORITIES .............................................................................. iii

CERTIFICATE OF COUNSEL ....................................................................... iv

I.     RECORD BEFORE COURT ................................................................ 2

II.    STATEMENT OF CASE ................................................................... 2

III.   ISSUE PRESENTED ........................................................................ 3

IV.   STATEMENT OF FACTS................................................................. 4

V.    SUMMARY OF THE ARGUMENT......................................................... 10

VI.   ARGUMENT AND AUTHORITIES ..................................................... 10

ISSUE NUMBER ONE:

THERE ARE NO ERRORS THAT WOULD RESULT IN REVERSAL OF THE ORDER OF THE TRIAL COURT……………..………………………………………10

VI.   PRAYER AND REQUEST TO WITHDRAW……………………..............12

VIII. CERTIFICATE OF SERVICE………………………………………… 14

IX.  CERTIFICATE OF COMPLIANCE…………………………………15

# LIST OF AUTHORITIES

**Cases:**     **Page**

*Anders v. California*, 386 U.S. 738 (1967)....................................................... 10, 12

*Gagnon v. Scarpelli*, 411 U.S. 778 (1973) ........................................................ 11

*Hawkins v. State*, 112 S.W.3d 340( Tex.App.–Corpus Christi 2003, no pet.) ...... 10

*In re: Schulman*, 252 S.W.3d 403 (Tex.Crim.App. 2008) .................................... 10

*Jones v. State*, 571 S.W.2d 191(Tex.Crim.App. 1978) ........................................ 12

*Rickels v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2006) ................................... 11

*Sanchez v. State*,  603 S.W.2d 869 (Tex.Crim.App. 1980)  .................................. 12

*Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991) .................................... 10

*Williams v. State*, 976 S.W.2d 871 (Tex. App.—Corpus Christi 1998) ................ 12

**Rules and Statutes:**

TEX. PEN. CODE §30.02(c) ....................................................................................... 3

## CERTIFICATE OF COUNSEL

I, Luis A. Martinez, court-appointed counsel for Appellant, ELIO GARZA, for purposes of this appeal, certify that I have diligently searched the Reporter's Record and Clerk's Record in Trial Court Cause Number 14-05-12,000, researched the law applicable to the facts and issues presented, if any, and it is my professional opinion that no reversible error is reflected by the record.

I am of the professional opinion this appeal is without merit and frivolous, and in compliance with applicable law pertaining to appeals of this type, I have set forth all points which might arguably support an appeal, request permission to withdraw, and acknowledge that I have forwarded a copy of this brief to Appellant, ELIO GARZA, to his last known address, for the purposes of raising any points he chooses, and filing a *pro se* brief.

**By this certification, and by separate letter sent both in English and Spanish, Appellant is being informed that he may file a *pro se* appellate brief if he chooses, and any *pro se* brief must be filed with this Court within 30 days of the filing of this *Anders* brief. Appellant is further advised that he may request further time to file his *pro se* brief, and such request must be made in writing and filed with the 13th Court of Appeals at: The Thirteenth Court of Appeals, Corpus Christi Division, 901 Leopard, Nueces County Courthouse, 10th Floor, Corpus Christi, Texas 78401.**

**CAUSE NO. 13-15-00257-CR**

---

**IN THE COURT OF APPEALS
FOR THE
THIRTEENTH JUDICIAL DISTRICT OF TEXAS
AT CORPUS CHRISTI**

---

**ELIO GARZA,**

APPELLANT,

**VS.**

**THE STATE OF TEXAS,**

APPELLEE.

---

On Appeal in Cause No. 14-05-12,000 in the
24th Judicial District Court of Victoria County, Texas
Hon. Jack W. Marr, Judge Presiding

---

**ANDERS BRIEF**

---

TO THE HONORABLE COURT OF APPEALS:

Appellant, **ELIO GARZA,** by and through his court appointed counsel, Luis A. Martinez**,** respectfully submits this ANDERS BRIEF in appeal of the judgment and sentence of the Trial Court adjudicating him guilty of Burglary of a Habitation and sentencing him to the Texas Department of Criminal Justice-Institutional Division.

This is an appeal from the 24th Judicial District Court of Victoria County, Texas, the Honorable Jack W. Marr, Judge Presiding in which the Appellant, **ELIO GARZA**, was the Defendant and the State of Texas was the Plaintiff. As required by the applicable rules, the parties will be called "Appellant" and the "State."

## I.

## RECORD BEFORE COURT

The Clerk's Record consists of one volume and citation to this record will be referenced in this brief by use of the abbreviation "CR" referring to the Clerk's Record and then the appropriate page number. For example, page 10 of the Clerk's Record shall be cited as CR-10.

The Reporter's Record furnished to Appellant consists of a total of four (4) volumes. Citation to the Reporter's Record will be referenced in this brief by use of the abbreviation "RR", followed by a roman numeral to indicate the volume, followed by the appropriate page number. For example, page 10 of the Reporter's Record, volume two, shall be cited as RR-II-10.

## II.

## STATEMENT OF THE CASE

Appellant wishes to appeal the trial court's judgment and sentence adjudicating him guilty of Burglary of a Habitation and sentencing him to ten years

in the Institutional Division of the Texas Department of Criminal Justice.

Appellant was charged by indictment with Burglary of a Habitation pursuant to TEX. PEN. CODE §30.02(c). [CR-7]. Said indictment was filed on, or about, May 29, 2014. [CR-7].

A Plea Memorandum was executed and filed by Appellant on, or about, August 14, 2014. [CR-18]. Appellant was placed on six (6) years of deferred adjudication, assessed a $1,000.00 fine and court costs. [CR-30].

Subsequently, on or about, January 28, 2015, the State filed its State's Motion to Adjudicate Guilt and Petition for Revocation of Probated Sentence. Following a hearing on the motion, the Trial Court found it "True" that Appellant had violated paragraphs I, II, and III. of the State's motion. [CR-57].

The Trial Court certified that Appellant's case was not a plea-bargain case and that he had the right of appeal. [CR-56].

A Notice of Appeal was timely filed on, or about, May 20, 2015. [CR-64].

## III.

## ISSUES PRESENTED

**ISSUE NUMBER ONE:**

**THERE ARE NO ERRORS THAT WOULD RESULT IN REVERSAL OF THE ORDER OF THE TRIAL COURT.**

**IV.**

**STATEMENT OF THE FACTS**

The Trial Court inquired of Appellant whether he was the same person indicted for burglary of a habitation by the DeWitt County grand jury by indictment filed on May 29, 2014, to which Appellant responded, "yes." [RR-III-23].[1] Appellant indicated he was the person placed on deferred adjudication and placed on probation for six years for the offense of Burglary of a Habitation. Appellant agreed that he entered a plea of guilty, but was placed on probation for six years. [RR-III-24].

The Trial Court read the Motion to Adjudicate filed by the District Attorney for DeWitt County aloud to Appellant. [RR-III-24]. As to each count of the motion to adjudicate filed in this cause, a plea of "Not True" was entered on Appellant's behalf. [RR-III-24-28].

**Testimony of Leslie Vavra**

Leslie Vavra, employed as a probation officer for the 24th Judicial District Community Supervision and Corrections Department for 14 years, testified on behalf of the State. [RR-III-29-30].

Ms. Vavra identified Appellant in open court. [RR-III-30]. Ms. Vavra testified she was familiar with Appellant's probation file. [RR-III-30]. Ms. Vavra

[1] A translator translated for Appellant from the English to Spanish and Spanish to English throughout the hearing on the State's Motion to Adjudicate in this matter.

4

testified that because Appellant was a Spanish speaker, the terms and conditions of probation were explained to Appellant the day after Appellant's case was addressed in Court. [RR-III-31].

Ms. Vavra was asked if her probation records indicated any new criminal offenses committed by Appellant since he had been placed on probation. [RR-III-34]. The State directed Ms. Vavra's attention to Paragraph 1 of the State's motion to adjudicate guilt indicating that Appellant, on or about, December 19, 2014, committed the offense of possession of marijuana in Guadalupe County, Texas. [RR-III-35]. Ms. Vavros indicated that records indicated that Appellant was convicted of the offense. [RR-III-39].

Ms. Vavros was asked by the State if she was familiar with Appellant's violation of Condition No. 11, in that Appellant failed to report for the months of September, October and December of 2014. [RR-III-39]. Ms. Vavros indicated, "Yes." [RR-III-40].

As to Paragraph 4, the State asked Ms. Vavros whether the offense report admitted into evidence indicated a violation of curfew. Ms. Vavros responded, "Yes, because based on the report it shows he was arrested at 11:28 p.m." [RR-III-40].

As to Condition No. 24, Ms. Vavros testified that Appellant had not worked any community service hours since being placed on probation. [RR-III-40].

5

## Testimony of Lisa Segar

Lisa Segar of the Victoria Sheriff's Office testified next on behalf of the State. [RR-III-43]. Ms. Segar was shown State's Exhibit 4. Ms. Segar identified it as a ten print fingerprint card belonging to Elio Garza. [RR-III-44]. State's Exhibit 4 was admitted without objection. [RR-III-44].

The State next showed Ms. Segar State's Exhibit 3. Ms. Segar testified she was familiar with the document, had the opportunity to compare the fingerprints between State's Exhibit 3 and 4, and that they were the same. Ms. Segar was asked if she could conclude that Elio Garza was the same person as Jesus Perez. [RR-III-45]. She responded, "Yes, sir." [RR-III-46].

## Testimony of Appellant

After being admonished regarding his right to testify and the Trial Court finding that Appellant understood he had a right not to testify, Appellant testified on his own behalf. [RR-III-52].

Appellant testified that Chuy Perez is a nickname. [RR-III-53].

With respect to the possession of marijuana charge, Appellant testified that a man named Pancho and Roy got in his truck and aimed a gun at his head. They wanted money and Appellant told them he had no money. Pancho and Roy belong to the Zeta cartel. The Zeta group go around taking people down and demanding money from them. [RR-III-53]. Appellant could not recall the date when that

6

occurred. [RR-III-54]. Appellant stated he was in Yorktown when he was threatened. Appellant did not know the last names of the men, but that those were the two that got into his house. [RR-III-54].

From there, Appellant testified that "a policeman got him." The policeman removed Appellant's clothes, but handcuffs on his and drew blood from Appellant. [RR-III-55]. Appellant indicated that he had "tracks" where the blood was drawn. Appellant indicated that needles were put in between the index finger and thumb on both hands. [RR-III-55]. When asked why a policeman had approached him, Appellant responded, "I told him I wasn't sick. I didn't have anything but he still came….I told him I was not a drug addict. I didn't do drugs. I am not depressed. I have no diabetes. I'm not sick of anything. Then he brought me over here and he gave me a low—a lower bid because he knew that I was helpless. I was—my strength, I had no strength. That was a problem." [RR-III-56].

Appellant continued that "Pancho and Roy brought me here and they wanted me to give them the name or the place of the wife so that they could have sex with her." [RR-III-56]. Appellant recounted that Pancho and Roy took him to what appeared to be a pasture and laid him on his back until the policeman came. [RR-III-56]. Appellant indicated that the Zeta cartel men turned him over to the police and that the police participated in that. [RR-III-56]. Appellant's trial counsel asked Appellant if he ended up pleading guilty to the marijuana charge; Appellant

7

responded, "Yes. I had to. I had to." [RR-III-57]. When asked why he had to, Appellant responded, "The policeman said that if I didn't give myself as guilty that—that he could kill me if he wanted to." [RR-III-57]. Appellant said the policeman told he when they were in the patrol car and other things. [RR-III-57].

Appellant also explained to the Trial Court that, "[T]he fact that probation was broken I had nothing to do with it. Immigration lost all my papers. I didn't know where to report." [RR-III-58].

Appellant's counsel asked of him regarding the allegation that he failed to report his November 24 arrest within five days. Appellant responded, "They were the same ones. They want money and how can I give them money when I don't have any." [RR-III-59]. When asked what prevented Appellant from reporting his arrest, Appellant responded, "The papers that immigration threw away I didn't know when to report and besides I don't know how to read English. Immigration told me that none of the papers that I had would do me no good." [RR-III-59].

When asked about being behind in various court costs and monetary obligations, Appellant responded, "I can pay that but how can I pay it if I'm locked up. If I go outside I'll be all right I can pay, but here I can't pay a thing." [RR-III-60].

Appellant was next asked by his trial counsel why he was late paying before, Appellant responded, I had no papers to let me know that I needed to do that. They

took the papers right out of my hand and pitched them in the trash can and I told them these are important papers to me. I couldn't say anything else. I mean, these people kill. What can I do." [RR-III-60]. Appellant's counsel followed up by asking if Appellant was simply saying that he didn't know where to report, Appellant testified, "No. No. I didn't. Here they're telling me that it's closed but how was I to know." [RR-III-60].

Appellant's counsel next asked about why he was behind on his community service, Appellant responded, "I didn't know where. I didn't know anything. This is what I was asking you where can I help myself. I don't know where to help myself. I don't know the rules. I never been in jail or locked up in my life. Nothing but work." [RR-III-61].

During the cross-examination of Appellant, he confirmed that a Spanish speaker with the probation department met Appellant in the DeWitt County Jail. [RR-III-62]. He confirmed that the rules of probation were explained to him. *Id.*

## The Trial Court's Ruling

At the end of the hearing, the Trial Court found that paragraphs one, two and three of the State's motion to adjudicate guilt and petition for revocation were "True." The Trial Court adjudicated Appellant and found him guilty of burglary of a habitation. [RR-III-65]. The Trial Court sentenced Appellant to ten years in the Texas Department of Criminal Justice. [RR-III-66].

## V.

## SUMMARY OF THE ARGUMENT

The undersigned has diligently reviewed the record, both Clerk's and Reporter's Record. After such review, it is the undersigned's opinion that there are no errors that would result in the reversal of the revocation and sentence in this matter and accordingly has filed this *Anders* Brief.

## VI.

## ARGUMENT AND AUTHORITIES

**ISSUE NUMBER ONE:**

**There are no errors that would result in reversal of the judgment and sentence of the trial court.**

In accordance with *In re: Schulman*, the undersigned has provided record references to the facts and proceedings in this matter. *See In re: Schulman*, 252 S.W.3d 403, 407 n.9 (Tex.Crim.App. 2008) see also *Hawkins v. State*, 112 S.W.3d 340, 343-44( Tex.App.–Corpus Christi 2003, no pet.) *Stafford v. State*, 813 S.W.2d 503-510, n. 3 (Tex.Crim.App. 1991). After the review of the record in this case, it is the undersigned's belief that there are no reasonably arguable factual or evidentiary issues that would result in the reversal the Trial Court's decision to adjudicate Appellant in this matter. Further, there is no reasonably arguable issue that would affect the sentencing in this matter.

10

It appears from the record that Due Process was afforded Appellant during the motion to adjudicate hearing. In *Gagnon v. Scarpelli,* the Supreme Court enunciated the minimum requirements of due process which must be observed in community supervision revocation hearings: (1) written notice of the claimed violations of probation; (2) disclosure to the probationer of the evidence against him; (3) opportunity to be heard in person and to present witnesses and evidence, and the right to confront and cross-examine adverse witnesses; (4) a neutral and detached hearing body; and (5) a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. *Gagnon v. Scarpelli,* 411 U.S. 778, 786 (1973).

The record supports that Appellant was afforded all the requirements of Due Process. He was given written notice of the claimed violations of probation, made aware of the charges and evidence regarding the State's motion and was given the opportunity to be heard and to present evidence and cross-examine the State's witnesses. The record does not support that the Trial Court was anything other than neutral and detached. Further, Appellant was provided reasons for the revocation in writing.

Appellate review of an order revoking community supervision is limited to determining whether the trial court abused its discretion. *See Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). The central issue to be determined in

reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law. An order revoking community supervision must be supported by a preponderance of the evidence, meaning the greater weight of the credible evidence that would create a reasonable belief that the defendant has violated a condition of probation. *Id.* at 763-64.

A finding of a single violation of community supervision is sufficient to support revocation. *See Sanchez v. State,* 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Thus, in order to prevail, appellant must successfully challenge *all* the findings that support the revocation order. *See Jones v. State,* 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978)(*emphasis added*). The record does not support that Appellant could successfully challenge each and all of the findings that support the Trial Court's revocation order.

## VII.

## PRAYER AND REQUEST TO WITHDRAW

In accordance with the principles set forth in *Anders v. California*, 386 U.S. 738 (1967); *Williams v. State*, 976 S.W.2d 871 (Tex.App.–Corpus Christi 1998), Counsel believes there are no reasonably arguable factual or evidentiary issues disclosed by the record in this case which would amount to reversible error.

A Defendant's right to assistance of counsel does not include the right to

have an attorney urge frivolous or non-meritorious claims. As such, Counsel requests this Court allow him to withdraw from further representation of Appellant.

Counsel requests that this Court undertake a full examination of the trial court proceedings and decide whether the case is in fact wholly frivolous and without merit, and allow Appellant sufficient time to review the record, research any point he wishes to raise, and submit his own brief.

Respectfully submitted,

LUIS A. MARTINEZ, P.C.
P.O. Box 410
Victoria, Texas  77902-0410
(361) 676-2750 (Telephone)
(361) 575-8454 (Telecopier)
Email:
      Lamvictoriacounty@gmail.com


BY: _____

Luis A. Martinez
State Bar No. 24010213

ATTORNEY FOR APPELLANT
**ELIO GARZA**

13

**VIII.**

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing document was served upon the Honorable Robert C. Lassmann,  Assistant DeWitt County Criminal District Attorney, and upon the Appellant, Mr. Elio Garza, in the manner indicated below, on this 26th day of October, 2015, pursuant to the Texas Rules of Appellate Procedure.

_____
Luis A. Martinez

*Via Electronic Mail, rclassmann1@sbcglobal.net*
**HON. ROBERT LASSMAN**
24th Judicial District Attorney
DeWitt County Courthouse
307 N. Gonzalez
Cuero, Texas  77954
*Attorney for the State on Appeal*


*Via Certified Mail, RRR*
Mr. Elio Garza
TDCJ#: 02002797
ID-TDCJ, Willacy Unit
1695 South Buffalo Drive
Raymondville, Texas 78580
*Appellant*

# IX.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the following document uses fourteen (14) point font for text and twelve (12) point font for footnotes. I further certify that the word count in this document for those matters not excluded by Rule 9.4 is less than the minimum allowed for an appellant's brief and is 2,124words.

_____

Luis A. Martinez