

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00475-CV

**IN THE INTEREST OF N.F.M.** and S.R.M.

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2017PA00070
Honorable John D. Gabriel, Jr., Judge Presiding

**OPINION ON MOTION FOR EN BANC RECONSIDERATION
OF ORDER STRIKING COUNSEL'S *ANDERS* BRIEF**

Opinion by:     Luz Elena D. Chapa, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice, joined by Karen Angelini, Justice
and Marialyn Barnard, Justice

Sitting en banc:      Sandee Bryan Marion, Chief Justice
                      Karen Angelini, Justice
                      Marialyn Barnard, Justice
                      Rebeca Martinez, Justice
                      Patricia Alvarez, Justice
                      Luz Elena D. Chapa, Justice
                      Irene Rios, Justice

Delivered and Filed: December 19, 2018

RELIEF DENIED

Pending before the court is counsel's motion for en banc reconsideration of this court's

order striking the brief he filed pursuant to *Anders v. California*, 386 U.S. 738 (1967). Sitting en

banc and considering the merits of counsel's motion, we hold the *Anders* briefing requirements

that apply uniformly in criminal and juvenile appeals also apply in termination appeals. Because

counsel's *Anders* brief does not satisfy the uniform *Anders* briefing requirements, we deny counsel relief from the order striking his *Anders* brief.

## BACKGROUND

This is an appeal from an order terminating appellant's parental rights. After a four-day jury trial, the jury found the parent–child relationship between appellant and her children should be terminated.[1] On July 12, 2018, the trial court signed a final order, appellant filed a notice of appeal, and because appellant is indigent, the trial court appointed appellate counsel. After the appellate record was filed, counsel filed an *Anders* brief and a motion to withdraw.

Counsel's *Anders* brief was struck on September 21, 2018, because it did not contain a professional evaluation of the record. Counsel filed a motion for en banc reconsideration of the September 21, 2018 order. Notably, counsel does not argue that the order was legally incorrect. Counsel does not argue that his brief satisfies the basic requirements for *Anders* briefs. Counsel also does not cite any authority regarding *Anders* briefs or discuss the requirements of an *Anders* brief. The motion's sole contention is that, in fifteen cases dating back to 2014, this court did not strike his *Anders* briefs in which the substantive portions were identical, word for word, to the brief filed in this case. The motion asks this court to "resolve the conflict" between the September 21, 2018 order and this court's prior decisions in those fifteen cases. We construe this motion as a request to vacate the September 21, 2018 order.

Before addressing whether we should vacate our order, we note the cases cited by counsel are largely distinguishable. Although one of the fifteen cases counsel cites involved a jury trial, the fourteen more recent cases involved bench trials. Counsel's *Anders* brief in this case, which involved a jury trial, concluded this appeal is wholly frivolous because "the evidence adduced at

---

[1] The jury answered one broad-form question that incorporated both the best-interest requirement with five alternative grounds for termination.

trial is sufficient to satisfy **the court's** findings" (emphasis added). In bench-trial cases, this boilerplate statement facially raises no significant concerns. But in this case, the boilerplate statement is concerning because this case was tried to a jury. Although the dissent makes light of this concern by characterizing this oversight as a mere typographical error, our concern is amplified by the absence of any mention or discussion in counsel's brief of voir dire, the charge conference, and/or the jury charge. However, to address any apparent inconsistency, we clarify that the uniform *Anders* briefing requirements that apply in criminal appeals and juvenile appeals apply in termination appeals.

REQUIREMENTS FOR *ANDERS* BRIEFS IN TERMINATION APPEALS

The "involuntary termination of parental rights involves fundamental constitutional rights." *In re G.M.*, 596 S.W.2d 846, 846 (Tex. 1980). To protect these fundamental constitutional rights, the Texas Legislature has guaranteed each parent the right to counsel in a termination proceeding brought by a governmental entity. TEX. FAM. CODE. § 107.106. If appointed appellate counsel in a termination appeal determines an appeal is wholly frivolous, "[c]ounsel's obligation to the client may still be satisfied by filing an appellate brief meeting the standards set in *Anders v. California*, and its progeny." *In re P.M.*, 520 S.W.3d 24, 27 & nn. 9–10 (Tex. 2016) (per curiam) (citation omitted). The "progeny" to which the supreme court referred in *P.M.* were decisions by Texas courts in criminal and juvenile appeals. *See id.* at nn. 9–10, 14.[2] Thus, when appointed counsel determines a termination appeal is wholly frivolous, the supreme court has expressly stated counsel should file an *Anders* brief, and it referred to the uniform *Anders* briefing requirements in criminal and juvenile appeals. *See id.*

---

[2] In those footnotes, the supreme court referred to or discussed *In re D.A.S.*, 973 S.W.2d 296, 297, 299 (Tex. 1998) (a juvenile case), *In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (a criminal case), and *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978) (the seminal Texas case on *Anders* briefing requirements in criminal appeals).

**A. The Uniform *Anders* Briefing Requirements**

An *Anders* brief must "contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced." *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978) (cited by *P.M.*, 520 S.W.3d at 27 n.14, in reference to what an *Anders* brief is). "This evaluation requires not only that counsel refer the court to anything in the record that might arguably support the appeal, citing applicable legal authorities, but it also requires appellate counsel to discuss the evidence introduced at trial which entails providing the reviewing court with ready references to the record." *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). More specifically, as this court has held, an *Anders* brief "must demonstrate that counsel has conscientiously examined the record and determined that the appeal is so frivolous that the appellant is not entitled to counsel on appeal. A proper *Anders* brief therefore must contain references to the record, citations to authority, and legal analysis." *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, order) (per curiam) (internal citations omitted) (citing *High*, 573 S.W.2d at 812–13). In other words, "counsel should present, along with a statement of the strongest possible arguments for the contentions, a brief explanation of the contrary authority that led counsel to conclude that the contentions were frivolous." WAYNE R. LAFAVE, ET AL., 3 CRIM. PROC. § 11.2(c) (4th ed.) (citing *High*, 573 S.W.2d at 807).

These uniform *Anders* briefing requirements serve numerous, important purposes. Briefs complying with these requirements help "safeguard against hastily-drawn or mistaken conclusions" that an appeal is wholly frivolous. *See id.* at § 11.2(c) & n.135. They reassure the appellate court that counsel has thoroughly and conscientiously reviewed the record for potential issues. *Schulman*, 252 S.W.3d at 407; *Nichols*, 954 S.W.2d at 85. Briefs satisfying these requirements also provide "a roadmap for [the court's] review of the record because the court itself must be assured that the attorney has made a legally correct determination that the appeal is

frivolous." *Schulman*, 252 S.W.3d at 407; *see D.A.S.*, 973 S.W.2d at 297. Moreover, such briefs ensure indigent parents whose rights have been terminated "receive substantially the same treatment as nonindigent defendants," have some understanding as to why their lawyer is not advocating on their behalf, and provide them with some basis to determine—without the assistance of a lawyer—whether to file a *pro se* brief. *See D.A.S.*, 973 S.W.2d at 297; *Schulman*, 252 S.W.3d at 407–08.

These purposes would be subverted if, as the dissent argues, a "professional evaluation" included nothing more than a detailed summary of the evidence at trial, and a discussion of and citations to *Anders v. California* and its progeny. In any appeal, an appellant's brief must contain not only a "Statement of the Case" and a "Statement of the Facts" (preferably with record cites), *see* TEX. R. APP. P. 38.1(d), (g), but also an "Argument" section "contain[ing] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." *Id.* R. 38.1(i). This court uniformly applies this basic briefing requirement to issues in merits briefs when litigants can afford to retain counsel.[3] If appellate courts do not ensure *Anders* briefs are held to the same standard, then indigent parents would not "receive substantially the same treatment as nonindigent" litigants. *See D.A.S.*, 973 S.W.2d at 297; *see also In re E.L.Y.*, 69 S.W.3d 838, 842 (Tex. App.—Waco 2002, order) (per curiam) (holding *Anders* briefs in termination appeals must comply with Rule 38.1). And when, as here, a parent is present for the trial, even the most thorough description of the evidence admitted at trial will merely tell the parent what the parent already knows; the *Anders* brief will be of little to no assistance to the parent in understanding why counsel

---

[3] *See, e.g.*, *Black v. Watts*, No. 04-17-00489-CV, 2018 WL 3747746, at *6 (Tex. App.—San Antonio Aug. 8, 2018, pet. filed) (mem. op.) (holding failure to comply with Rule 38.1(i) waives the issue); *Lajzerowicz v. Lajzerowicz*, No. 04-16-00491-CV, 2018 WL 626593, at *4 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.) (same); *Mauricio v. Cervantes*, No. 04-16-00260-CV, 2017 WL 2791324, at *4 (Tex. App.—San Antonio June 28, 2017, no pet.) (mem. op) (same); *Estate of Perez-Muzza*, No. 04-17-00718-CV, 2018 WL 4096388, at *2 n.1 (Tex. App.—San Antonio Aug. 29, 2018, pet. filed) (mem. op.) (same); *In re M.I.W.*, No. 04-17-00207-CV, 2018 WL 1831678, at *3 n.4 (Tex. App.—San Antonio Apr. 18, 2018, no pet.) (mem. op.) (same).

is not advocating on his or her behalf and in determining whether—without the advice of counsel—to file a *pro se* brief. *See D.A.S.*, 973 S.W.2d at 297; *Schulman*, 252 S.W.3d at 407–08.

Like counsel's motion, the dissent cites no authority that a summary of the evidence at trial with citations to the record, and assertions that an appeal is wholly frivolous with citations to *Anders*, is a "professional evaluation of the record." The dissent goes further than counsel's motion and posits our order is legally incorrect. The dissent's position (1) is irreconcilable with the common understanding of the term "professional evaluation"; (2) violates *High*'s mandate:

> [We] ***will not accept*** [*Anders*] briefs unless they discuss the evidence adduced at trial . . . refer to pages in the record where objections were made, the nature of the objection, the trial court's ruling, ***and*** discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the court . . . .

573 S.W.2d at 813 (emphasis added); (3) overlooks this court's requirement that an *Anders* brief must contain "legal analysis," *Nichols*, 954 S.W.2d at 85; (4) conflicts with at least six other Texas courts of appeals' application of the uniform *Anders* briefing requirements;[4] and (5) is inconsistent

---

[4] *See, e.g.*, *Johnson v. State*, 885 S.W.2d 641, 648 (Tex. App.—Waco 1994, order) (per curiam) (striking *Anders* brief that "spent thirty-six pages . . . reviewing . . . the evidence" because it "failed to refer to pages in the record where objections were made"); *Loggins v. State*, 701 S.W.2d 51, 52–53 (Tex. App.—Dallas 1985, order) (striking *Anders* brief that "outline[d] the procedural history [and] summarize[d] the substance of the witnesses' testimony"); *see also Echeta v. State*, 510 S.W.3d 100, 102–04 (Tex. App.—Houston [1st Dist.] 2016, order) (striking brief that omitted discussion of a critical stage of trial); *Hung Le v. State*, 510 S.W.3d 96, 99 (Tex. App.—Houston [1st Dist.] 2016, order) (striking brief that "contain[ed] no reference to or analysis of the adequacy of appellant's legal representation at trial"); *D.M. v. Tex. Dep't of Family & Protective Servs.*, No. 03-12-00826-CV, 2013 WL 839770, at *1 (Tex. App.—Austin Feb. 28, 2013, order) (mem. op.) (striking *Anders* brief because it did not discuss possible jury charge error); *Banks v. State*, 341 S.W.3d 428, 430 (Tex. App.—Houston [1st Dist.] 2009, order) (requiring re-briefing when statement about ineffective assistance of counsel was "conclusory"); *Ezernack v. State*, No. 12-01-00213-CR, 2002 WL 1610028, at *1 (Tex. App.—Tyler July 17, 2002, order) (per curiam) (mem. op., not designated for publication) (striking *Anders* brief with "no analysis or explanation of . . . the sufficiency of the evidence, the admissibility of the evidence . . . or whether Appellant received ineffective assistance of counsel at trial"); *Williams v. State*, 976 S.W.2d 871, 873 (Tex. App.—Corpus Christi 1998, order) (per curiam) (striking *Anders* brief that contained no "citations to any legal authority other than *Anders*"); *Jeffery v. State*, 903 S.W.2d 776, 779 (Tex. App.—Dallas 1995, order) ("The brief appellate counsel filed in this case does not meet the requirements of *Anders*. The brief simply summarizes the evidence and then concludes that the appeal is frivolous.") (case history has been omitted for brevity).

with the guidance other courts have published to ensure compliance with the uniform *Anders* briefing requirements.[5]

We conclude the Texas courts, including this court, that have discussed the uniform *Anders* briefing requirements have meant exactly what they have said: an *Anders* brief must "contain" a "professional evaluation" of the record "demonstrating why" with "legal analysis" there are no arguable grounds to be advanced. *See, e.g.*, *High*, 573 S.W.2d at 812; *Nichols*, 954 S.W.2d at 85. The contents of a brief in a termination appeal must refer the court to anything in the record that might possibly support the appeal with specific page references to the record and citations to legal authority. *If,* after a conscientious examination of the record, counsel determines the appeal is frivolous and without merit and cannot advance any arguable grounds of error, *then* the brief must contain a professional evaluation of the record (again, with specific references to the record and citations to authority relating to *that* legal issue) demonstrating why counsel has concluded the issue is frivolous. This further demonstrates that counsel has conscientiously reviewed the record and allows the indigent parent to understand and evaluate — without the assistance of a lawyer — counsel's position and to decide whether to file a *pro se* brief. *See Anders*, 386 U.S. at 742-45; *P.M.*, 520 S.W.3d at 27 & nn. 9–10, 14; *D.A.S.*, 973 S.W.2d at 297, 299; *Schulman*, 252 S.W.3d at 406 & n.9; *Stafford*, 813 S.W.2d at 510; *High*, 573 S.W.2d at 812–13; *Nichols*, 954 S.W.2d at 85; LAFAVE, at § 11.2(c); *see also supra* nn. 3–4 and accompanying text.

---

[5] Those courts' guidelines can be found online. *See* U.S. Court of Appeals for the Fifth Circuit, Anders *Guidelines*, www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/forms-and-samples/andersguidelin es.pdf (requiring *Anders* briefs to include a "discussion" of a specific list of the significant parts of a criminal case); First & Fourteenth Courts of Appeals of Texas, Anders *Guidelines*, http://www.txcourts.gov/media/1436342/anders-guidelines.pdf (requiring *Anders* briefs, depending on the nature of the case, to address up to nine specific aspects of a criminal trial); Thirteenth Court of Appeals of Texas, Anders *Guidelines*, http://www.txcourts.gov/13thcoa/ practice-before-the-court/anders-guidelines (same, but requiring briefs to "expressly address" up to twelve issues).

## B. Application

With these principles in mind, we turn to considering counsel's brief in this case. Again, counsel's motion does not argue that this court's September 21, 2018 order was legally incorrect. Counsel also does not argue—or even assert—that his brief satisfies the uniform *Anders* briefing requirements. Contrary to Rule 38.1(i), the brief does not contain an "Argument" section. *See* TEX. R. APP. P. 38.1(i); *E.L.Y.*, 69 S.W.3d at 842. Instead, immediately before the "Conclusion and Prayer" section, the brief contains a less-than-one-and-a-half-page "Summary of the Argument Regarding Anders Findings" section:

### Summary of Argument Regarding Anders Finding

"In determining whether an appeal is frivolous, a judge may consider whether the appellant has presented a substantial issue for appellate review." TEX. CIV. PRAC. & REM. CODE, Section 13.003(b) (Vernon 2015). It is well established that "a proceeding is 'frivolous' when it 'lacks an arguable basis either in law or in fact.'" *De La Vega v. Taco Cabana, Inc.*, 974 S.W.2d 152, 154 (Tex. App.–San Antonio 1998, no pet.) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989)). Appellant's Counsel has reviewed the record and finds that ***the evidence adduced at trial is sufficient to satisfy the <u>court's</u> findings***. Further, Appellant's attorney was unable to find any reversible error in the record, or that the evidence was legally or factually insufficient to justify asserting any ground on appeal regarding that termination of Appellant's parental rights was not in the best interest of the children, as set forth in the Order for Termination.

Counsel for Appellant, after thorough examination, can find no errors warranting reversal that can be legitimately supported by the record. In *Anders v. California*, 386 U.S. 738, 741-44, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the United States Supreme Court held that a court-appointed defense attorney in a criminal case who determines, after fully examining the record, that an appeal is frivolous must so advise the appellate court and then set forth any potential points of error and applicable law that might arguably support the appellant's position. The Court must then conduct "a full examination" of the record and determine independently whether the case is "wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). This same standard applies to court appointed counsel in appeals from termination of parental rights. *In re K.M.*, 98 S.W.3d 774, 777 (Tex. App–Fort Worth 2003, no pet.) ("We hold that the *Anders* procedures apply to termination of parental rights appeals like this one when court appointed counsel has concluded that there are no non-frivolous issues for appeal"). Appellant's attorney has diligently reviewed the record and cannot find any point of error upon which a non-frivolous appeal might be based.

(emphasis added). This section of the brief is identical—word for word—to the *Anders* briefs that counsel filed in the fifteen cases he cites. Because there is no "Argument" section, this section of the brief is critical, and nothing in this section is specific to appellant's case. Counsel's conclusory statements and typographical error in this critical section of the brief raise serious questions about whether counsel has "conscientiously examined" this record, in which a jury and not the court, was the factfinder. *See Nichols*, 954 S.W.2d at 85; *see also McMullen v. State*, Nos. 05-15-01284-CR & 05-15-01285-CR, 2016 WL 6124131, at *1 (Tex. App.—Dallas Oct. 20, 2016, order) (mem. op., not designated for publication) (striking *Anders* brief in part because counsel used the wrong name for appellant, which weighed against concluding counsel had provided a professional evaluation of the record).

We agree that the brief describes the evidence at trial in detail, but this is insufficient. *See High*, 573 S.W.2d at 813 (requiring some discussion of objections); *Jeffery*, 903 S.W.2d at 779–80 (striking *Anders* brief that "simply summarize[d] the evidence and then conclude[d] that the appeal is frivolous"); *Johnson*, 885 S.W.2d at 648 (rejecting *Anders* brief with thorough description of evidence); *Loggins*, 701 S.W.2d at 52–53 (same). Appellant was also present at trial and is presumptively aware of what transpired. The *Anders* brief does little, if anything, to assist appellant in determining whether to file a *pro se* brief. And the brief does not discuss or even mention the key parts of the jury trial that occurred in this case—such as jury selection, the jury charge, and/or the charge conference—and does not discuss generally or specifically the numerous, overruled evidentiary objections at trial or the adequacy of appellant's legal representation at trial. *See High*, 573 S.W.2d at 813; *Hung Le*, 510 S.W.3d at 99.

We hold counsel's *Anders* brief does not satisfy the uniform *Anders* briefing requirements because it does not contain a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See High*, 573 S.W.2d at 812. Although counsel's brief refers

the court to a sufficiency of the evidence issue that might possibly support the appeal, the substantive section of the brief contains no citations to the record and authority relevant to that legal issue. *See Johnson*, 885 S.W.2d at 648 ("[A]lthough more than sufficient in the discussion of the sufficiency of the evidence, the brief fails to present an adequate 'professional evaluation' of the record . . . ."). Counsel's brief contends in the "Summary of the Argument" section that the appeal is wholly frivolous, but the brief does not contain any "legal analysis" or "a clear and concise argument ***for the contention[] made***, with appropriate citations to authorities and to the record." *See* TEX. R. APP. P. 38.1(i) (emphasis added); *E.L.Y.*, 69 S.W.3d at 842; *see also Nichols*, 954 S.W.2d at 85. Consequently, counsel's brief does not explain why counsel has concluded the issue is frivolous in a way that assures this court that counsel has conscientiously reviewed the record and, equally important, in a way that allows appellant—without the assistance of a lawyer— to understand why her lawyer is not advocating on her behalf, to evaluate counsel's position, and to have a starting point to decide whether to file a *pro se* brief. *See Anders*, 386 U.S. at 742-45; *P.M.*, 520 S.W.3d at 27 & nn. 9–10, 14; *D.A.S.*, 973 S.W.2d at 297, 299; *Schulman*, 252 S.W.3d at 406 & n.9; *Stafford*, 813 S.W.2d at 510; *High*, 573 S.W.2d at 812–13; *Nichols*, 954 S.W.2d at 85; LAFAVE, at § 11.2(c); *see also supra* nn. 3–4 and accompanying text.

## CONCLUSION

Counsel's brief contains bare, conclusory statements and fails to satisfy the uniform requirements for *Anders* briefs. We express no opinion as to whether there is, or is not, a potentially meritorious issue in this record; determining whether the form of an *Anders* brief is sufficient is an inquiry that is legally distinct from determining whether, in substance, counsel has correctly concluded the appeal is wholly frivolous. *See Echeta*, 510 S.W.3d at 105; *Hung Le v. State*, 510

S.W.3d at 100. We deny counsel's request for relief from our September 21, 2018 order and order counsel to file the redrawn brief within ten days.

Luz Elena D. Chapa, Justice