COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER STRIKING ANDERS BRIEF

Appellate case name:     Jose Manuel Escobedo v. The State of Texas

Appellate case number:   01-20-00253-CR

Trial court case number: 18-CR-3020

Trial court:             212th District Court of Galveston County

After a jury trial, appellant Jose Manuel Escobedo was convicted of the offense of arson and was sentences to 40 years in the Institutional Division of the Texas Department of Criminal Justice. Escobedo filed a timely notice of appeal.

Appointed counsel filed a motion to withdraw together with an *Anders* brief in which he asserts that there are no valid grounds for appeal and that the appeal is frivolous. Escobedo requested access to the record but did not file a response to the brief. The State waived its opportunity to file a brief.

To comply with *Anders v. California*, appointed counsel must file a brief reflecting that the attorney adequately researched the case before requesting to withdraw from further representation. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). An *Anders* brief is appropriate only when appointed counsel has "mastered the record and the evidence" and determined that no sustainable grounds for appeal exist. *Banks v. State*, 341 S.W.3d 403, 407 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The *Anders* brief informs the defendant, sets out a road map for the court of appeals, and provides record citations to assist the appellant is he wishes to exercise his right to file a pro se response. *See Hung Le v. State*, 510 S.W.3d 96, 97–98 (Tex. App.—Houston [1st Dist.] 2016).

The brief filed by appointed counsel fails to satisfy this standard. The record reflects that Escobedo's mental illness may have been a significant issue in this case. Much of the testimony of witnesses, as well as that of Escobedo, centered on his schizophrenia, inability to tolerate the side effects of his medication, his failure to take his medication, his agitation and questionable mental state from the perspective of the police officers, and his request for the police to shoot him. Despite the testimony that Escobedo suffered from a psychotic illness, either schizophrenia or schizoaffective disorder, was not taking his medication at the time he committed the alleged offense, was in withdrawal from alcohol, and was hearing voices that he claimed led him to commit the alleged offense, the *Anders* brief contains only two references to Escobedo's mental condition at the time he committed the alleged offense. The brief notes that Escobedo was "agitated" and

opines that the jury likely assessed the 40-year sentence, instead of the State's request of 50 years' incarceration by considering Escobedo's mental health condition, among other factors. Appointed counsel fails to address any potential, arguable issues concerning Escobedo's mental illness and mental condition at the time of committing the alleged offense. Because the *Anders* brief does not demonstrate a conscientious examination of the record or investigation of the case "to professionally evaluate whether there are any nonfrivolous appellate issues," we determine that the brief filed by counsel contains a deficiency of form for which the appropriate remedy is rebriefing. *Hung Le*, 510 S.W.3d at 100.

We strike the *Anders* brief and order appointed counsel to file a new brief. The new brief shall be filed within 30 days of the date of this order.

It is so ORDERED.


Judge's signature: _____Justice Peter Kelly_____
                ☐ Acting individually    ☒ Acting for the Court

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

Date: __July 26, 2022_____