COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      David Ignacio Cristan v. The State of Texas

Appellate case number:    01-21-00647-CR

Trial court case number:  19-CR-2275

Trial court:              56th District Court of Galveston County

After a jury trial, Appellant David Ignacio Cristan was convicted of the offense of sexual assault of a child and was sentenced to twenty years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.

Appellant's appointed counsel filed a motion to withdraw together with an *Anders* brief in which he asserts that there are no valid grounds for appeal and that the appeal is frivolous. Appellant requested access to the record but did not file a response to the brief. The State waived its opportunity to file a brief.

To comply with *Anders v. California*, appointed counsel must file a brief reflecting that the attorney adequately researched the case before requesting to withdraw from further representation. *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008). An *Anders* brief is appropriate only when appointed counsel has "mastered the record and the evidence" and determined that no sustainable grounds for appeal exist. *Banks v. State*, 341 S.W.3d 403, 407 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The *Anders* brief informs the defendant, sets out a road map for the court of appeals, and provides record citations to assist the appellant if he wishes to exercise his right to file a pro se response. *See Hung Le v. State*, 510 S.W.3d 96, 97–98 (Tex. App.—Houston [1st Dist.] 2016).

The brief appointed counsel filed fails to satisfy this standard. The record reflects that Appellant was interviewed in the hospital by two police officers and the interview was captured on video, which was admitted as State's Exhibit 1 during trial without objection. A review of the video reveals that Appellant was not read his *Miranda*[1] rights before the interview began and was not told he could end the interview at any time. During trial, one of the interviewing officers testified that Appellant was not read his *Miranda* rights because "he wasn't under arrest." *But see In re J.T.M.*, 441 S.W.3d at 462 (noting four situations identified by Texas courts that may

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

constitute custody, including "if there is probable cause to arrest and law enforcement officials do not tell the suspect that he may leave.")[2]

The *Anders* brief contains no discussion as to whether Appellant should have been read his *Miranda* rights before the interview began, whether Appellant could reasonably have believed he was in custody during the interview, and whether Appellant's counsel should have objected to the admissibility of the videotaped interview. Because the *Anders* brief does not demonstrate a conscientious examination of the record or investigation of the case on this issue "to professionally evaluate whether there are any nonfrivolous appellate issues," we determine that the brief filed by counsel contains a deficiency of form for which the appropriate remedy is rebriefing. *Hung Le*, 510 S.W.3d at 100.

We strike the *Anders* brief and order appointed counsel to file a new brief that also addresses whether Appellant should have been read his *Miranda* rights before the hospital interview began, whether Appellant could reasonably have believed he was in custody during the interview, and whether Appellant's counsel should have objected to the admissibility of the videotaped interview. The new brief shall be filed within 30 days of the date of this order.

It is so ORDERED.

Judge's signature: /s/ Veronica Rivas-Molloy
                             Acting individually

Date: October 11, 2022

---

[2] Custody is only established in this situation if "the officer manifested his knowledge of probable cause to the suspect by word or deed" and "other circumstances of the interview, such as duration or factors of the exercise of police control over a suspect, would leave a reasonable person to believe that he is under restraint to the degree associated with an arrest." *In re J.T.M.*, 441 S.W.3d 455, 462 (Tex. App.—El Paso 2014, no pet.) (citations omitted).