

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-24-00412-CR

---

Juan Montellano, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 168th District Court

El Paso County, Texas

Trial Court No. 20240D05767

---

## MEMORANDUM OPINION

Following a jury trial, Appellant Juan Montellano appeals his judgments of conviction for two counts of continuous sexual abuse of a child under 14 years of age and four counts of indecency with a child by sexual contact, which were entered in cause number 20240D05767. Montellano's appointed counsel has filed an *Anders* brief, asserting that he conducted a review of the record and determined that there are no legal or factual issues that arguably could be raised for appellate review in this case, and that the appeal is "frivolous and without merit."

Contemporaneously, counsel filed a motion to withdraw.[1] We conclude that the brief does not comply with the requirements of *Anders v. California*, 386 U.S. 738 (1967), and we strike the brief, deny the motion to withdraw, and direct appellate counsel to file an amended brief subject to the concerns addressed below.[2]

In *Anders*, after recognizing the right of an indigent defendant to receive constitutionally effective assistance of counsel on his first appeal, the United States Supreme Court outlined a procedure for ensuring that the defendant's right is honored when his appointed attorney concludes that the appeal is without merit. *See id*. at 742–45. If the appointed attorney finds, after a conscientious examination of the record, that the case is "wholly frivolous," he should so advise the appellate court, request permission to withdraw, and file a brief referring to anything in the record that might arguably support the appeal. *Id.* at 744. Texas courts adhere to the requirement that a so-called *Anders* brief must refer to anything in the record that might arguably support the appeal and must include adequate citations to the record and legal authority. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978); *see also Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc) (recognizing that under *Anders*, appellate counsel must provide the reviewing court with a "professional evaluation of the record demonstrating why

---

[1] In his motion, counsel averred that he notified Montellano of his motion and brief, and provided him a copy of both; informed Montellano of his right to file a pro se "response" identifying what he believes to be meritorious grounds to be raised in his appeal; advised him of his right to review the appellate record in advance of filing that response; explained the process for obtaining the appellate record and provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and informed Montellano of his right to seek discretionary review pro se should this Court declare his appeal frivolous. Montellano has not filed a response or a pro se brief in this Court.

[2] We encourage all appellate counsel to review on a regular basis the "Standards of Appellate Conduct" promulgated by the Supreme Court of Texas and Court of Criminal Appeals. *See* https://www.txcourts.gov/media/1437423/standards-for-appellate-conduct.pdf

We also note that while it is not always possible, best practice suggests appointing new and completely independent counsel for the appeal of criminal cases. *See, e.g.*, *Maldonado v. State*, No. 07-17-00190-CR, 2017 WL 4784938, at *1 n.4 (Tex. App.—Amarillo Oct. 18, 2017, no pet.); *Alvarez-Tarango v. State*, No. 08-20-00103-CR, 2021 WL 3141297, at *1 (Tex. App.—El Paso July 26, 2021, no pet.).

there are no arguable grounds to be advanced"). Counsel's "obligation to the appellate courts is to assure them, through the mechanism of an *Anders* brief, that, after thorough investigation and research, his request is well founded." *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

"[A]fter receiving a brief claiming that there are no arguable grounds for appeal, *the reviewing court* must review the record to make an independent determination" of whether there are in fact any arguable grounds for the appeal. *Stafford*, 813 S.W.2d at 511 (emphasis in original); *Anders*, 386 U.S. at 744. If, after conducting an independent review of the record, we conclude that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we will affirm the trial court's judgment and allow counsel to withdraw.[3] *In re Schulman*, 252 S.W.3d 403, 410 n.32 (Tex. Crim. App. 2008) (citing *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006)). However, if we conclude the *Anders* brief does not reflect that counsel made an appropriate and conscientious examination of the record for error, we may strike the brief and order counsel to re-file a brief that meets the *Anders* requirements, or we may abate the appeal and remand to the trial court for the appointment of new appellate counsel depending on the nature of the deficiencies in the brief. *See Hung Le v. State*, 510 S.W.3d 96, 100 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (citing *Wilson v. State*, 40 S.W.3d 192, 198–99 (Tex. App.—Texarkana 2001, no pet.)).

---

[3] A court may not grant a motion to withdraw until:

    (1) the attorney has sent a copy of his *Anders* brief to his client along with a letter explaining that the defendant has the right to file a *pro se* brief within thirty days, and he has ensured that his client has, at some point, been informed of his right to file a *pro se* PDR;

    (2) the attorney has informed the court of appeals that he has performed the above duties;

    (3) the defendant has had time in which to file a *pro se* response; and

    (4) the court of appeals has itself reviewed the record, the *Anders* brief, and any *pro se* brief.

*In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008).

Generally, an *Anders* brief may exhibit two types of deficiencies: form and substance. First, the brief may be deficient as to form, which includes technical violations such as failure to cite to the record or to legal authority, but may also include the failure to discuss issues appearing prominently in the record. *Wilson*, 40 S.W.3d at 199 (citing *Stafford*, 813 S.W.2d at 510). Such a brief is of limited use in protecting appellant's right to counsel on appeal and evaluating whether the appeal is without merit. *Id.* at 198–99 (citing *High*, 573 S.W.2d at 812). In such a situation, counsel should be afforded the opportunity to file an amended brief to address the deficiencies in the initial brief. *Id.* at 199 (citing *Stafford*, 813 S.W.2d at 510); *see also Hung Le*, 510 S.W.3d at 100 (directing counsel to rebrief appeal after finding that *Anders* brief was defective as to form); *Arevalos v. State*, 606 S.W.3d 912, 915–16 (Tex. App.—Dallas 2020, no pet.) (same); *Banks v. State*, 341 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (same).

Second, an *Anders* brief may be deficient as to substance if the appellate court's independent review of the record "call[s] into question counsel's conclusion that the appeal is without merit" on any of the issues addressed in the brief. *Wilson*, 40 S.W.3d at 199. In that instance, the court must grant counsel's motion to withdraw "because counsel cannot be required to argue grounds he has previously determined to be without merit." *Id*. (citing *Stafford*, 813 S.W.2d at 511). The court must then abate the appeal and remand the case to the trial court for appointment of new appellate counsel to present the issues the court identified and any other grounds that might support the appeal. *Id*. (citing *Stafford*, 813 S.W.2d at 511; *Penson v. Ohio*, 488 U.S. 75, 83–84 (1988); *Anders*, 386 U.S. at 744); *see also Arevalos*, 606 S.W.3d at 915–16 (citing *Meza*, 206 S.W.3d at 688–89 ("It is only when an *Anders* brief is *not* well taken that it also becomes necessary to appoint or substitute new counsel.")).

Here, we conclude that the brief is deficient as to form, rather than substance. In the brief, appellate counsel states that he found no meritorious issues for review with respect to the following: (1) the sufficiency of the indictment; (2) pretrial and trial rulings; (3) jury selection; (4) jury charge; (5) the sufficiency of the evidence; and (6) punishment and post-trial rulings. Although the brief provides a sufficiently thorough discussion of the sufficiency of the indictment, the sufficiency of the evidence, jury selection, and the jury charge, the brief fails in two important respects.

First, the brief only discusses one pretrial ruling regarding whether the child-victim's cousin could be considered an outcry witness and concludes that the issue is moot, as the State did not call the cousin as a witness. The brief fails to address any other pretrial or trial rulings made during either the guilt-innocence phase or the punishment phase of trial. However, our review of the record reveals that trial counsel made numerous objections during trial that were overruled; the State made an objection to the introduction of defense evidence, which the trial court sustained; and trial counsel moved for mistrial during the guilt-innocence phase of the trial, which the trial court denied, and moved for a second mistrial during the punishment phase, which the trial court also denied. Counsel does not discuss any of those objections or motions in his *Anders* brief.[4]

"An *Anders* brief filed in a contested case must describe *any* objections raised and ruled on during trial and 'discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court.'" *Owens v. State*, No. 05-19-00371-CR, 2020 WL 5228149, at *3 (Tex. App.—Dallas Sept. 2, 2020, no pet.) (mem. op., not designated for publication) (quoting *High*, 573 S.W.2d at 811 (emphasis in original)); *see also Arevalos*, 2020

---

[4] The *Anders* brief mistakenly states that no motion for mistrial was made during the punishment phase of the trial, when in fact this is contrary to the record.

WL 5087778, at *3 (concluding same). This includes rulings that "prevented the defense from admitting evidence or pursuing a line of questioning, cross-examination, or impeachment of any witness." *Owens*, 2020 WL 5228149, at *3 (citing *Arevalos*, 2020 WL 5087778, at *3).

We view appellate counsel's failure to discuss these objections and motions for mistrial—which appear clearly on the face of the record—as a failure to make a thorough and professional evaluation of the record.[5] *See Arevalos*, 606 S.W.3d at 916 (finding appellate counsel's failure to discuss any of the State's objections and the trial court's rulings thereto, together with appellate counsel's failure to discuss other issues regarding limitations on defense counsel's ability to question a witness as illustrative of appellate counsel's failure to conduct a conscientious and thorough review of the law and facts, as required by *Anders*) (citing *Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.)). As a result, the brief filed by appellate counsel does not meet the requirements of an *Anders* brief as set forth in *High*, and is deficient as to form. *Id.* (citing *In re N.F.M.*, 582 S.W.3d 539, 545 (Tex. App.—San Antonio 2018, no pet.) (en banc); *Wilson*, 40 S.W.3d at 198–99 (citing *High*, 573 S.W.2d at 812)); *Jimenez v. State*, No. 05-18-00848-CR, 2020 WL 3166740, at *2 (Tex. App.—Dallas June 15, 2020, no pet.) (mem. op., not designated for publication).

Second, in his *Anders* brief, defense counsel only discusses the record in cause number 20240D05767, but this does not comprise the entire record—or what should be the entire record—on appeal. Montellano was initially arrested in August 2020 and indicted in Cause Number 20200D04885 that same year, but he was re-indicted in Cause Number 20240D05767 on October 1, 2024, only one month before his jury trial began on October 30, 2024. The record reflects that additional motions were filed in the earlier cause number, which were carried over into the current

<hr>

[5] We only list these failures as illustrative of the matters that remain to be reviewed by appellate counsel, but we express no opinion as to whether there is, or is not, a meritorious issue in this case.

6

cause number, along with the rulings on those motions. Specifically**,** the record contains the State's motion to carry over "all of the previous filings by both the State and the Defense as well all of the Court's previous rulings on those filings [in cause number 20200D04885] . . . into this new Cause Number [20240D05767], without the necessity of either party having to re-file all such documents and having them re-heard by the Court." In the motion, the State averred that "[b]oth the State and defense have filed a number of motions, notices, and other documents under [the prior] cause number." The record further contains the trial court's order granting the State's motion, providing that "all of the motions and other filings by both parties in . . . cause number 20200D04885, as well as all of the Court's rulings and orders in that cause are hereby carried over into the reindicted case [in] . . . cause number, 20240D05767."[6]

The clerk's record reflects that in his designation of the appellate record, appellate counsel designated the reporter's records of all contested hearings in Cause Number 2020D04885. However, no such records appear in the appellate record. In addition, appellate counsel sent a letter to the court reporter requesting a statement of facts regarding various hearings in both cause numbers, beginning on January 13, 2021, and ending on October 10, 2024. But no such statement of facts appears in the record. Appellate counsel did not request the clerk's record for cause number 2020D04885, despite the trial court's ruling that all motions and rulings would be carried over into the reindicted case in Cause Number 20240D05767. We conclude that counsel could not have made a professional evaluation of the record without the benefit of those motions and rulings in Cause Number 2020D04885, nor can this Court fulfill its duties of conducting an independent review of the record without them.

---

[6] We note that the trial court's order bears a clerical error with regard to the defendant's name.

## CONCLUSION

Because we have determined that the *Anders* brief filed by appellate counsel does not fully comply with the *Anders* requirements, we cannot address whether counsel has made a thorough and complete professional evaluation of the record. By separate order this same day, we direct the district court clerk and the court reporter to prepare supplemental records to be filed with this court within 30 days. We strike the *Anders* brief and deny counsel's motion to withdraw. We direct appellate counsel to file an amended brief within 30 days after the supplemental records are filed with this Court, which either (1) addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel still believes no such arguable issues exist, complies with the requirements of *Anders* as set forth above.

PER CURIAM

March 30, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.